Anthony J. Barron, State Bar No. 150447
abarron@nixonpeabody.com
Taylor T. Steele, State Bar No. 304443
tsteele@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300

Attorneys for Defendant, Counterclaimant, and Third Party Plaintiff BENICIA PORT TERMINAL COMPANY and Defendant AMPORTS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWASAKI KISEN KAISHA LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>BENICIA PORT TERMINAL COMPANY and AMPORTS, INC.,<br><br>Defendants. | Case No. 2:19-CV-00822-TLN-KJN<br><br>The Honorable Troy L. Nunley<br><br>**STIPULATION TO APPOINT INTERNATIONAL PROCESS SERVER AND CLARIFY SCOPE OF INITIAL PRETRIAL SCHEDULING ORDER; ORDER** |
| BENICIA PORT TERMINAL COMPANY and AMPORTS, INC.,<br><br>Counter-claimant,<br><br>vs.<br><br>KAWASAKI KISEN KAISHA LIMITED,<br><br>Counter-defendant. | |
| BENICIA PORT TERMINAL COMPANY,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN KONZERNLOGISTIK GMBH & CO.,<br><br>Third Party Defendant. | |

**STIPULATION**

Plaintiff KAWASAKI KISEN KAISHA LIMITED ("Plaintiff") and Defendants BENICIA PORT TERMINAL COMPANY ("BPTC") and AMPORTS, INC. (collectively, the "Parties") hereby stipulate to the following:

1. WHEREAS, BPTC has filed a Third Party Complaint [Dkt. 11] in this matter for breach of contract and declaratory relief against Third Party Defendant Volkswagen Konzernlogistik GmbH & Co. ("VWKL");

2. WHEREAS, VWKL is headquartered in Germany, and as far as Defendants have been able to discern through their investigations to date, appears to lack any physical presence or operations in the United States;

3. WHEREAS, BPTC advises that it has diligently and exhaustively researched potential service methods, including alternative methods of service and those potentially available under federal shipping regulations due to VWKL's status as a Vessel Operating Common Carrier, but BPTC now believes that VWKL is not amenable to service of process in the United States;

4. WHEREAS, BPTC has concluded that VWKL is likely only amenable to service of process under the authority of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters developed at the Tenth Session of the Hague Conference on Private International Law on November 15, 1965 (the "Hague Convention");

5. WHEREAS, as required by the Hague Convention, BPTC has, at considerable expense, obtained a German-language translation of the process to be served on VWKL, including the Third Party Complaint and accompanying exhibit [Dkt. 11], the Summons to VWKL [Dkt. 13], and the Court's Initial Pretrial Scheduling Order [Dkt. 4];

6. WHEREAS, BPTC has retained the services of Celeste Ingalls of Alan H. Crowe & Associates, Inc., d/b/a Crowe Foreign Services ("Crowe Foreign Services"), a firm experienced in effecting service of process under the Hague Convention in connection with federal litigation in the United States;

7. WHEREAS, BPTC understands that two orders will facilitate service under the Hague Convention: (1) an order appointing Crowe Foreign Services as International Process Server, which will authorize Crowe Foreign Services to work with the German central authority for the purposes of effectuating service upon VWKL pursuant the Hague Convention, and (b) an order clarifying that the 90-day service of process requirement under the Court's Initial Pretrial Scheduling Order [Dkt. No. 4], which provides that "Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the filing of the complaint," does not apply to service upon VWKL under the Hague Convention;

8. WHEREAS, BPTC represents that an order appointing an international process server is appropriate because the Hague Convention provides that the "authority or judicial officer *competent under the law of the State in which the documents originate* shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalization or other equivalent formality. The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate." Hague Service Convention, art. 3, ch.1, Nov. 15, 1965, 20 U.S.T. 361 (emphasis added). A party may seek a court order appointing an international process server in order to serve a party in a foreign country. *E.g., Wright v. Old Gringo Inc.*, No. 17-CV-1996-BAS-MSB, 2019 WL 3804020 (S.D. Cal. Aug. 3, 2018) (appoint Crowe Foreign Services); *Kourepis v. Sony Europe Ltd*, No. 16-CV-04438-MEJ, 2016 WL 7116936 (N.D. Cal. Dec. 7, 2016) (same).

9. WHEREAS, BPTC represents that an order clarifying that the Court's Initial Pretrial Scheduling Order does not apply to service under the Hague Convention or upon VWKL in this matter because Crowe Foreign Services, who has decades of experience serving process under the Hague Convention, advises that the German central authority could reject the service attempts if there is any question that the Court's Initial Pretrial Scheduling Order renders service attempts under the Hague Convention untimely and ineffective, and because the Parties agree that the 90-day limit of Federal Rule of Civil Procedure 4(m) does <u>not</u> apply to "service in a foreign country" as here, where the service is made "under Rule…4(h)(2)…."

10. WHEREAS, "K" Line does not object to the relief sought hereunder and stipulates that the proposed order may issue.

THEREFORE, the Parties hereby stipulate, subject to the Court's approval, that the following Orders are appropriate to enable BPTC to effect service of process on VWKL under the Hague Convention:

1. Pursuant to Chapter 1, Article 3 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters developed at the Tenth Session of the Hague Conference on Private International Law on November 15, 1965 (the "Hague Convention"), and for good cause shown, the Court should appoint Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, 97205, and its agents, including Celeste Ingalls, as the authority and judicial officer competent under the jurisdiction of this Court to forward to the Central Authority in the applicable country any and all documents to be served in this case.

2. The Court clarifies its Initial Pretrial Scheduling Order of May 9, 2019 [Dkt. 4] as follows: The provision in the Initial Pretrial Scheduling Order ordering that "Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the filing of the complaint," does not apply to service upon VWKL under the Hague Convention because such service will occur in a foreign country. BPTC may properly serve VWKL after the expiration of the 90-day period from the filing of the complaint.

Dated: December 13, 2019     NIXON PEABODY LLP

By:   /s/ *Anthony J. Barron*
Anthony J. Barron
Attorneys for Defendant, Counterclaimant, and Third Party Plaintiff BENICIA PORT TERMINAL COMPANY and Defendant AMPORTS, INC.

Dated: December 13, 2019          CLYDE & CO US LLP


                                  By:    /s/ *Conte C. Cicala*
                                      Conte C. Cicala
                                      Attorneys for Plaintiff and Counter-Defendant
                                      KAWASAKI KISEN KAISHA LIMITED

**ORDER**

Having considered the Parties' stipulation, and for good cause shown, the Court orders as follows:

1. Pursuant to Chapter 1, Article 3 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters developed at the Tenth Session of the Hague Conference on Private International Law on November 15, 1965 (the "Hague Convention"), and for good cause shown, the Court hereby appoints Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, 97205, and its agents, including Celeste Ingalls, as the authority and judicial officer competent under the jurisdiction of this Court to forward to the Central Authority in the applicable country any and all documents to be served in this case.

2. The Court clarifies its Initial Pretrial Scheduling Order of May 9, 2019 (ECF No. 4), as follows: The provision in the Initial Pretrial Scheduling Order ordering that "Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the filing of the complaint," does not apply to service upon VWKL under the Hague Convention because such service will occur in a foreign country. (*See* Fed. R. Civ. Proc. 4(m) (time limit for service "does not apply to service in a foreign country").) BPTC may properly serve VWKL after the expiration of the 90-day period from the filing of the complaint.

IT IS SO ORDERED.

Dated: January 10, 2020

_____
Troy L. Nunley
United States District Judge